UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KLAIRESSA MAY, <br><br> Plaintiff, <br><br> v. <br><br> LANCE STEVENSON, DENNIS M. CHARNEY, DUSTIN BOURNE, LENDON MOSS, COUNTY OF MINIDOKA, IDAHO, <br><br> Defendants. | Case No. 4:26-cv-00042-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Plaintiff Klairessa May's applications to proceed without prepayment of fees.[1] Dkts. 1, 4. For the reasons explained below, the Court will grant May's applications.

---

[1] May also submitted a complaint, which has been conditionally filed. Dkt. 2. The Court must review the complaint and is authorized to dismiss a case if it is frivolous or malicious, fails to state a claim that could result in the granting of relief, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). The Court first "grants or denies in forma pauperis status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint." *Franklin v. Murphy*, 745 F.3d 1221, 1226, n.5 (9th Cir. 1984). A separate order reflecting the Court's review of the complaint will be forthcoming.

MEMORANDUM DECISION AND ORDER - 1

## ANALYSIS

A person with limited resources may bring a civil case in federal court "in forma pauperis," which means without prepaying the otherwise necessary fees. 28 U.S.C. § 1915. To qualify to proceed this way, such a person must apply with the court by submitting an affidavit—a written document given under oath or affirmation—in which the person explains their financial status and states that they are unable to pay the fees. *Id.* The applicant must state the relevant facts in this affidavit "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

In evaluating the application to proceed without prepayment of fees, the Court compares the applicant's income to the poverty guidelines as a gauge of ability to pay. *Clark v. Commissioner of Social Security*, 2022 WL 1271005, at *1 (E.D. Cal. Apr. 28, 2022). The applicant however need not "be absolutely destitute" to proceed without paying fees. *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948). In May's applications, she indicates that two minor children rely on her for support. Dkt. 1 at 5; Dkt. 4 at 5. The poverty level for a family of three is $26,650 under the 2025 Guidelines and $27,320 under the 2026 Guidelines.[2]

---

[2] The HHS Poverty Guidelines for 2025 are available at
https://aspe.hhs.gov/sites/default/files/documents/dd73d4f00d8a819d10b2fdb70d254f7b/detailed-guidelines-2025.pdf, and the 2026 Guidelines are available at

The primary difference between May's two applications is her employment. In the first application, she noted she was employed, while in the second she clarified that she was no longer employed but had been during part of 2025, specifically from May 20 to December 30, earning $26,525.01 over that time. Dkt. 1 at 2; Dkt. 4 at 2-3. This amount is below $26,650, the 2025 poverty level for a family of three.

May further noted that after her employment ended, her income was limited to $1,000 a month in child support payments. Dkt. 4 at 2. She added that she had a pending application for unemployment benefits, which could result in her receiving an additional $485 per week for 10 weeks, if approved. Dkt. 4 at 2. Using May's actual monthly income since becoming unemployed, $1,000 a month, and extrapolating that over the course of a year, her annual income would be $12,000. Even assuming she received the unemployment benefits she applied for, she would only receive an additional $4,850, for a total of $16,850. In either scenario, she would receive an amount of money significantly less than the 2026 poverty level for a family of three, $27,320. May also lists monthly expenses totaling approximately $3,377, far exceeding her monthly income.

The Court therefore concludes that May cannot afford to pay any filing fees

---

https://aspe.hhs.gov/sites/default/files/documents/b1bfa16b20ae9b89d525bc35de7c1643/detailed-guidelines-2026.pdf.

for this action at this time and GRANTS her applications for leave to file without paying those fees. *See* 28 U.S.C. § 1915(a)(1).

## ORDER

**IT IS ORDERED:**

Plaintiff's applications for leave to proceed in forma pauperis (Dkts. 1, 4) are **GRANTED**.

DATED: **March 12, 2026**

B. Lynn Winmill
U.S. District Court Judge