UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KLAIRESSA MAY,<br><br>Plaintiff,<br><br>v.<br><br>LANCE STEVENSON, DENNIS M. CHARNEY, DUSTIN BOURNE, LENDON MOSS, COUNTY OF MINIDOKA, IDAHO,<br><br>Defendants. | Case No. 4:26-cv-00042-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff Klairessa May's complaint has been conditionally filed pending the Court's review. For the reasons explained below, the Court will now dismiss it.

## ANALYSIS

A person with limited resources may bring a civil case in federal court "in forma pauperis," which means without prepaying the otherwise necessary fees. 28 U.S.C. § 1915. The Court granted May's application to proceed in forma pauperis in a separate decision. Dkt. 5; *see* Dkts. 1, 4. But the Court's analysis does not end there; it must also review the applicant's complaint—the document used to start the lawsuit. As part of that review, the court is authorized to dismiss a complaint if the applicant, among other things, fails to state a claim that could

result in the granting of relief. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). During this initial review, a court generally gives the applicant the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

In her complaint, May raises four causes of action under 42 U.S.C. § 1983 against a variety of defendants. Dkt. 2 at 5-6. A claim under this law requires that (1) the plaintiff was "deprived of a right secured by the Constitution and the laws of the United States," and (2) the plaintiff was deprived of this right by a defendant acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (internal quotation marks omitted).

### *First Claim*

In her first claim, May sues each of the Defendants for "fabrication of evidence" against her in violation of her due process rights under the Fourteenth Amendment. Dkt. 2 at 5. To survive dismissal, a complaint must only state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, where the facts in a complaint are "merely consistent with" a defendant's liability, the plaintiff has not met the plausibility threshold. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). That is, the complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Id*. at 555.

May asserts that the Defendants used "false or misleading statements and reports, including statements from jailhouse informant Carlos Rocha," to make a case against her. Dkt. 2 at 5. But she provides no detail as to what Rocha's statements consisted of or how May knew them to be false or misleading. *See* Dkt. 2. She also asserts that Defendants knew Rocha's statements were false, misleading, or incomplete but again does not provide any factual detail as to how Defendants knew this. *See* Dkt. 2 at 5. May thus fails to provide sufficient factual detail to support her Fourteenth Amendment due process claim. *Twombly*, 550 U.S. at 555, 557.

Furthermore, as part of the requirement that May plead sufficient facts to permit the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 663, the Court must be able to determine which defendants are liable for the alleged misconduct, *Jackson v. Warning*, 2016 WL 7228866, at \*4 (D. Md. Dec. 13, 2016). To accomplish this, May must do more than state that each of the Defendants is liable; she must provide specific accusations as to particular Defendants. *See id*. But she does not make any specific accusation as to any particular Defendant in raising her Fourth Amendment due process claim. She does differentiate some of the conduct by the individual Defendants before the factual section of her complaint, but in that

factual section and when pleading her cause of action, she simply groups all of the Defendants together, stating that "Defendants" knew of the allegedly false statements, used fabricated evidence, and violated May's rights. Dkt. 2 at 2-5. The Court therefore cannot determine which Defendants are allegedly liable for which conduct.

For these reasons, May fails to state a Fourteenth Amendment due process claim for which relief can be granted, so the Court will dismiss her first cause of action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Barren*, 152 F.3d 1193. But the Court will dismiss it with leave to amend with additional facts and specificity consistent with the Court's discussion above within sixty days of this decision. If May can state a claim with sufficient detail and specificity, and she amends this claim to reflect that within the time allotted, the Court will consider that claim anew. If May does not amend her claim in this way within sixty days, the Court will dismiss it without prejudice to later refiling.

Of note, however, the statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here); Idaho Code § 5-219 (providing for a two-year statute of limitations for personal injuries, which governs federal civil

rights actions arising in Idaho). May thus has two years from the incidents she complains of to file a Section 1983 claim.

*Second Claim*

For her second claim, May sues each of the Defendants for violating her Sixth Amendment rights. She complains that the Defendants seized and reviewed "attorney-client privileged materials from [her] brother's jail cell" and then used that information against her. Dkt. 2 at 5-6. The attorney-client privilege violation that she complains of as the basis for this claim is her brother's, so May has no standing to raise it and thus no plausible claim. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[P]laintiff generally must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties.").

Moreover, she brings this claim against all five of the Defendants without identifying which of them she accuses of which misconduct. She again has differentiated the conduct of the parties at one point in her complaint, but then lumped the Defendants together at other points, so the Court cannot determine which Defendants May accuses of which conduct. Dkt. 2 at 2-6. In and of itself, this shows that she cannot be granted relief for this claim. *See Jackson*, 2016 WL 7228866, at *4. But there is an additional deficiency specific to the claim against Defendants Lance Stevenson and Dennis M. Charney. Stevenson and Charney

MEMORANDUM DECISION AND ORDER - 5

were prosecutors, Dkt. 2 at 2, and prosecutors have absolute immunity for any actions taken in the performance of an integral part of the criminal judicial process, *see Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). These actions include initiating and pursuing a criminal prosecution, *id.* at 410, 430, and preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). This immunity also extends to a prosecutor's "knowing use of false testimony at trial, . . . suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001). Given the lack of factual detail in May's complaint, the Court cannot determine which claims are raised against the prosecutors and which are not and therefore cannot find that May's second claim is plausible for this reason either.

The Court will thus dismiss May's second claim alleging a Sixth Amendment violation but again it will do so with leave to amend with additional facts within sixty days of this decision. And if May does not amend her claim in this way within sixty days, the Court will dismiss it without prejudice to later refiling.

### *Third Claim*

For her third claim, May raises a cause of action against each of the Defendants for an unreasonable search and seizure under the Fourth Amendment. Dkt. 2 at 6. As an initial matter, May again differentiates some conduct allegedly

MEMORANDUM DECISION AND ORDER - 6

engaged in by the Defendants, but later groups the Defendants together as part of general allegations against each of them, so the Court cannot tell which Defendants she ultimately accuses of which conduct. Dkt. 2 at 2-6; *see Jackson*, 2016 WL 7228866, at *4. And once again, Defendants Stevenson and Charney have absolute immunity as prosecutors for initiating and pursuing a criminal prosecution, *Imbler*, 424 U.S. at 410, 430, for preparing and filing charging documents, *Kalina*, 522 U.S. at 129, and for "knowing use of false testimony at trial, . . . suppression of exculpatory evidence, and malicious prosecution," *Milstein,* 257 F.3d at 1008. Because May does not specify which Defendants she accuses of committing which misconduct, the Court cannot find her claim plausible.

Moreover, May again bases her claim on an alleged violation of her brother's constitutional rights, this time due to "an unlawful search and seizure of privileged legal materials from [her] brother's jail cell without valid consent, or applicable legal justification." Dkt. 2 at 6. Because she does not have standing to sue to protect her brother's rights, May's claim is not plausible. *See Warth*, 422 U.S. at 499. The Court will therefore dismiss May's third claim too but again permit her sixty days to amend it.

### *Fourth Claim*

In her fourth claim, May sues Minidoka County, alleging municipal liability and violations of her constitutional rights. Dkt. 2 at 6. To bring a Section 1983

claim against a local governmental entity, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Under *Monell*, the required elements of a Section 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

Here, however, May does not specify the type of *Monell* claim she is pursuing. Rather, she asserts that Minidoka County "maintained policies, practices, customs, or usages" permitting the misconduct she alleges and that it "failed to adequately train and supervise" employees on ethical and lawful conduct. Dkt. 2 at 6. Given this failure to identify whether she complains of a policy or practice or custom, and her failure to identify what that policy or practice or custom is, the Court cannot determine that May has pled a plausible cause of action. *See Blue v. District of Columbia*, 811 F.3d 14, 19-20 (D.C. Cir. 2015) (affirming dismissal of *Monell* claim where plaintiff pled that municipality's "custom, policy or practice" lacked the specificity required for the Court to assess the claim's plausibility). Moreover, scattershot pleadings such as May's where she accuses the municipality

of several different types of violations with little factual detail to support those accusations do not meet the requirement that May provide a plausible cause of action. *Meyer v. County of San Diego*, 2021 WL 4924836, \*11 (S.D. Cal. Oct. 21, 2021) ("[a]s a result of the scattershot and generalized allegations, the Court finds that Plaintiffs have failed to plead facts supporting a plausible claim"). Thus, the Court will dismiss May's fourth claim as well, with leave to amend it within sixty days of this order.

*Standards for Amending the Complaint*

If May intends to file an amended complaint she must not only comply with the instructions outlined above, she must also be sure to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). And she must plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which means she must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678.

Further, any amended complaint must contain all of May's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference her prior pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v.*

MEMORANDUM DECISION AND ORDER - 9

*Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

May must also set forth each factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." May's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If May files an amended complaint, she must also file a "Motion to Review the Amended Complaint." If she does not amend within sixty days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

Plaintiff's Complaint (Dkt. 2) is **DISMISSED** with leave to amend. If

Plaintiff wishes to file an Amended Complaint, she must do so within 60 days of the date of this order.

DATED: May 6, 2026

B. Lynn Winmill
U.S. District Court Judge