UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KLAIRESSA MAY,

Plaintiff,

v.

LANCE STEVENSON, DENNIS M. CHARNEY, DUSTIN BOURNE, LENDON MOSS, COUNTY OF MINIDOKA, IDAHO,

Defendants.

Case No. 4:26-cv-00042-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court for screening is Plaintiff Klairessa May's amended complaint. (Dkt. 9). For the reasons discussed below, the Court will dismiss May's amended complaint and provide her with sixty days to file a second amended complaint.

## BACKGROUND

May filed an application for leave to proceed *in forma pauperis* and a complaint on January 23, 2026. Dkts. 1, 2. She also filed a second application on February 9, 2026, clarifying her employment status. Dkt. 4. The Court approved her application for leave, but did not screen the complaint, on March 12, 2026.

Dkt. 5. May filed a request for service on March 30, 2026. Dkt. 6. The Court denied that request on April 9, 2026, as it was still in the process of screening her conditionally-filed complaint. Dkt. 7.

On May 6, 2026, the Court dismissed the complaint. Dkt. 8. The Court noted in its order that the complaint contained insufficient factual detail to establish a facially plausible claim for relief. The complaint also grouped Defendants together, making it impossible for the Court to determine which Defendant was allegedly liable for what conduct. Further, the Court noted that there were standing issues regarding some of her claims. Finally, her claims against the prosecutor Defendants appeared to be barred by those Defendants' absolute immunity.

On May 27, 2026, May filed an amended complaint. There was some slight confusion, as it was originally treated as a new case, 4:26-cv-00329-BLW. However, that issue was corrected, and her amended complaint was properly filed in this case.[1]

## LEGAL STANDARD

The Court is required to screen complaints brought by litigants seeking in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint if (1) it is frivolous or malicious, (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune

[1] 4:26-cv-00329-BLW was terminated on June 4, 2026.

from such relief. *Id*

A complaint must state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a plaintiff cannot simply restate standards of law or provide conclusory statements that the defendants harmed the plaintiff—the plaintiff must plead sufficient facts to show a causal link between each defendant and the alleged injury. *Iqbal*, 556 at 678-79.

The Rules of Civil Procedure require that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit." *Chima v. Perkins*, 808 F. Supp. 3d 1055, 1059 (N.D. Cal. 2025). Although the Court construes pro se pleadings liberally, pro se plaintiffs must still articulate plausible claims and allege facts sufficient to support each claim. *Klassy v. Karlfeldt*, 2025 WL 2462894 at *2 (D. Idaho Aug. 26, 2025) (citations omitted). "Judges are neither mind readers nor advocates for pro se litigants." *Id*.

## ANALYSIS

### A. Motion for Expedited Consideration, Request for Status, and in the Alternative, Motion for Extension of Time

As a preliminary matter, May wrote a letter received July 2, 2026 and filed a motion on August 5, 2026. Dkts. 10, 11. The letter expressed concern that she had not yet received anything from the Court regarding her amended complaint, and that the deadline for service was approaching.[2] Her motion requested an extension of time to serve under Rule 6(b) and to expedite its screening of her amended complaint.

"In cases where a court is required to screen a complaint before it may be served, it is generally accepted that the service deadline prescribed by Rule 4(m) does not being to run until the date the court authorizes service of the complaint." *Much v. Langston*, 2018 WL 5905827 at *7 (C.D. Cal. Oct. 23, 2018) (collecting cases). Given that the Court has not yet authorized service, there is no deadline for service. Plaintiff's motion is denied as moot.

### B. The Amended Complaint

Turning to May's amended complaint, the best that the Court can piece together is that May's brothers were accused of committing a murder in January 2022. At some point, the authorities began to investigate May, based on materials that they seized from her brother's jail cell that should have been protected under

---

[2] In her letter, May also stated that "the local court had previously scheduled a hearing . . . that hearing was canceled . . . my attorney has not received any information from the court regarding when the hearing will be rescheduled . . . I respectfully request any available information regarding the status of both matters." Because the Idaho state courts are an entirely separate court system from this one, this Court does not have access to any information about the status of matters before those courts.

the attorney-client privilege. There also was an informant placed in a jail cell with her brother by the authorities. The authorities obtained a warrant for her cellphone, seized it, and have never returned it. Ultimately, prosecutors and law enforcement colluded to charge and convict May of conspiring with her brothers. During all of this, prosecutors acted in ways that would deny them absolute immunity. Further, all these actions were done pursuant to the unconstitutional policies of Minidoka County.

However, even this bit is challenging to separate from a non-linear narrative that also supplies background information on other individuals who may or may not somehow be related to Plaintiff's claims, as well as portions of her Complaint that may simply be a recounting of disputes that Plaintiff has with other people in the community. Additionally, some of it may simply May taking umbrage with the theories and strength of the case pursued by law enforcement and prosecutors—which may not be actionable. Ultimately, it falls short of the requirement of Rule 8. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

A significant portion of May's claims against the prosecutor Defendants still appear to be barred by absolute immunity. For instance, May especially emphasizes that the prosecutors failed to turn over exculpatory evidence. This is a violation of due process—it is also "an exercise of the prosecutorial function and

entitles the prosecutor to absolute immunity from a civil suit for damages." *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) (citations omitted). Similarly, a common theme of her allegations is that the prosecutors relied on conflicting or disputed evidence. Prosecutors have absolute immunity for evaluation of witnesses even if the prosecutor's "judgment is harsh, unfair or clouded by personal animus." *Id*. Prosecutors also have absolute immunity in evaluating evidence assembled by police. *Id*.

Further, there is still the standing issue. Though May states she is not in her Complaint, it does appear that May is attempting to bring a claim against some of the Defendants for taking privileged materials from her brother's jail cell.[3] Her allegations do not demonstrate that she would have standing to assert the attorney-client privilege. "The attorney-client privilege protects confidential communications between attorneys and *clients*, which are made for the purpose of giving legal advice." *U.S. v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (emphasis added). The party asserting the privilege "has the burden of establishing the relationship and privileged nature of the communication." *Id*.

---

[3] Specifically, she alleges that "Defendants improperly obtained, retained, reviewed, copied, withheld, or exploited legal papers, legal research, confidential legal materials, and defense-related documents for investigative or prosecutorial purposes." Dkt. 9 at p. 31, ¶ 7.

Similarly, May includes allegations that Defendants used informants to entrap her brother. She has no standing to assert any claims alleging violation of her brother's constitutional rights. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[P]laintiff generally must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties.").

Additionally, May has not rectified the issue of specificity with her allegations raised by the Court in its May 6 decision and order. In her Claims for Relief Section, May groups all Defendants together—thereby accusing all Defendants of every claim she brings. She must specify what claims go with what Defendants. She cannot merely allege that "Defendants suppressed" exculpatory evidence, or that "Defendants relied upon" fabricated witness statements, or that "Defendants improperly obtained" privileged materials. She must specify which Defendants are alleged to have done what. Each Defendant must be able to read the complaint and know what claims are being asserted against them individually.

Finally, as the Court previously noted, § 1983 claims are governed by the state's statute of limitations for personal injury claims. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985). In Idaho, that statute provides a Plaintiff with two years from the date of the injury to file suit. I.C. § 5-219(4). A significant portion of the events May details appear to have occurred in 2022 and 2023. She originally filed

suit on January 23, 2026, meaning that claims arising from events occurring before January 23, 2024 may be barred.

The Court is cognizant that it dismissed her initial complaint in large part for lacking sufficient factual material, and now it may appear as though it is dismissing the amended complaint for being too detailed. The issue is not necessarily the length, or the detail—provided that detail is relevant and properly placed within the complaint so as to make sense in context—but rather that it does not inform the Court of the legal claims being asserted and the factual material that directly supports those assertions.

If May does file a second amended complaint, she must file with it a “Motion to Review the Amended Complaint.” May did not follow this instruction the first time. It is difficult for Court staff to keep track of complaints that need to be screened without the accompanying motion for review.

**IT IS ORDERED that:**

1. Plaintiff’s Combined Motion for Expedited Consideration, Request for Status, and, in the Alternative, Motion for Extension of Time (Dkt. 11) is **DENIED** as moot.

2. Plaintiff’s Amended Complaint (Dkt. 9) is **DISMISSED** with leave to amend. If Plaintiff wishes to file a Second Amended Complaint, she must do so within 60 days of the date of this order. Plaintiff must file a Motion to Review the

Amended Complaint contemporaneously with filing her second amended complaint.

DATED: August 24, 2026

B. Lynn Winmill
U.S. District Court Judge